UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

LORINDA GREENE,

                    Plaintiff,

                                                    Case No. 26-cv-1189-pp

        v.

FRANK J. BISIGNANO,

                    Defendant.

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 5)**

The plaintiff has filed a complaint seeking judicial review of a final administrative decision denying her claim for disability insurance benefits under the Social Security Act. Dkt. No. 1. She also filed a motion for leave to proceed without prepaying the filing fee. Dkt. No. 2. The court ordered that the plaintiff re-submit her motion to proceed without prepaying the filing fee using this court's standard form, dkt. no. 4, and the plaintiff has done so, dkt. no. 5.

Federal law requires a person who files a complaint in federal court to pay $405—a filing fee of $350 (28 U.S.C. §1914(a)) and a $55 administrative fee (Judicial Conference of the United States District Court Miscellaneous Fee Schedule Effective the December 1, 2023, #14). To allow the plaintiff to proceed without prepaying the filing fee, the court first must decide whether the plaintiff can pay the fee; if not, it must determine whether the lawsuit is frivolous. 28 U.S.C. §§1915(a) and 1915(e)(2)(B)(i).

1

Based on the facts in the plaintiff's affidavit, the court concludes that she does not have the ability to pay the filing fee. The plaintiff's request indicates that she is not employed, she is not married and she has no dependents she is responsible for supporting. Dkt. No. 5 at 1. According to the plaintiff, in the last twelve months, she has received $9,960 (or $830 per month) in gifts and $1,056 (or $88 per month) in public assistance. Id. at 2. The plaintiff lists monthly expenses totaling $1,080 ($550 rent, $450 other household expenses, $80 transportation). Id. at 2-3. The plaintiff says that she does not own her home or a car, she has no other property of value and she has $11 in cash on hand or in a checking or savings account. Id. at 3-4. The plaintiff states, "I am disabled and unable to work due to my disability. I receive public assistance and my mother gives me $830/month to help cover my expenses and basic necessities." Id. at 4. The plaintiff has demonstrated that she cannot pay the $405 fee.

The next step is to determine whether the case is frivolous. A case is frivolous if there is no arguable basis for relief either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992) (quoting Nietzke v. Williams, 490 U.S. 319, 325 (1989); Casteel v. Pieschek, 3 F.3d 1050, 1056 (7th Cir. 1993)). A person may obtain district court review of a final decision of the Commissioner of Social Security. 42 U.S.C. §405(g). The district court must uphold the Commissioner's final decision as long as the Commissioner used the correct legal standards and the decision is supported by substantial evidence. See Roddy v. Astrue, 705 F.3d 631, 636 (7th Cir. 2013).

The plaintiff's complaint indicates that she was denied disability benefits by the Commissioner, that she was and is disabled and unable to work and that the decision to deny her benefits is not supported by substantial evidence and/or is contrary to law and regulation. Dkt. No. 1 at 2. At this early stage in the case, and based on the information in the plaintiff's complaint, the court concludes that there may be a basis in law or in fact for the plaintiff's appeal of the Commissioner's decision, and that the appeal may have merit, as defined by 28 U.S.C. §1915(e)(2)(B)(i).

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 5.

Dated in Milwaukee, Wisconsin this 10th day of July, 2026.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**

3